**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 21-cr-40048-SMY-10** |
| | ) | |
| WAITH A.E. WILLIAMS, | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendant's Motion to Revoke Detention Order (Doc. 178) and the Government's Response in opposition (Doc. 183).  On June 8, 2021, Defendant Waith A.E. Williams  was  charged  by  Indictment with possession with intent to distribute methamphetamine.  The Indictment alleges that the total amount of methamphetamine involved was fifty (50) grams or more of actual methamphetamine, punishable pursuant to the provisions of Title 21, United States Code, Section 841(b)(1)(A). The offense as charged in the indictment carries a statutory imprisonment range of 10 years – life imprisonment.

All criminal defendants have the right to be presumed innocent and the right to pretrial release.  However, pretrial release may be denied if the Court determines there are no conditions of release that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community.  Pursuant to 18 U.S.C.A. § 3142(g), the Court weighs several factors in making this determination: the nature and circumstances of the offense charged; the weight of evidence against the criminal defendant; the history and characteristics of the person; and the danger to any person or the community that would be posed by the person's release.  Based

on the nature of the charged offense in this case and the statutory range of sentence to be imposed upon a plea or finding of guilt, there is a presumption under §3142(e) that Defendant should be denied bond. *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985). The presumption remains a factor to be considered even if rebutted by a defendant. *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985).

Defendant's alleged offense involves "ice" methamphetamine, a highly addictive illegal drug. Because individuals who distribute this drug present a very real and significant danger to the community, the nature and circumstances of the offense charged actor weighs in favor of Defendant's detention. Moreover, the weight of the evidence against Defendant is sufficiently strong; the investigation leading to Defendant's arrest included the court-authorized interception of phone calls and text messages among the conspirators.

Defendant's relevant history and characteristics demonstrate that he poses a significant flight risk. According to the Pretrial Services Report, Defendant committed multiple offenses while on pretrial bond or probation. Significantly, he failed to appear in court in four different counties in Illinois, resulting in the issuance of arrest warrants. Defendant committed the instant federal offense while on probation. Taken together these factors strongly favor Defendant's detention.

Upon consideration of the statutory factors and evaluation of possible conditions and terms of release, the Court finds that no available terms or conditions of release will reasonably assure the Court of Defendant's future attendance at all court proceedings and the safety of the community. Accordingly, Defendant's Motion to Revoke Detention Order (Doc. 178) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 26, 2022**

**STACI M. YANDLE**
**United States District Judge**